**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000696
01-JUL-2026
08:14 AM
Dkt. 58 SO**

NO. CAAP-24-0000696

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

MARVIN JUDD, Petitioner-Appellant, v.
ADMINISTRATIVE DIRECTOR OF THE COURTS, Respondent-Appellee.

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DAA-24-00011)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Wadsworth and Guidry, JJ.)

In this secondary appeal, Petitioner-Appellant Marvin Judd (**Judd**) appeals from the September 26, 2024 *Decision and Order Affirming Administrative Revocation* (**Decision and Order**), and the September 26, 2024 *Judgment on Appeal*, entered by the District Court of the First Circuit, Honolulu Division (**District Court**).[1] The Decision and Order affirmed Respondent-Appellee Administrative Director of the Courts' (**Director**) July 12, 2024 Decision (**Administrative Decision**), which in turn sustained the decision of the Administrative Driver's License Revocation Office (**ADLRO**) that revoked Judd's driver's license for a four-year period, following Judd's arrest for operation of a vehicle under the influence of an intoxicant (**OVUII**).

Judd raises the following points of error:

(1) "The [District C]ourt erred when it ruled that the ADLRO hearing officer did not erroneously interpret the law and

---

[1] The Honorable Michelle N. Comeau presided.

or abuse his discretion when he ruled that [standardized field sobriety tests (**SFST**s)] are not an unreasonable search or seizure nor an invasion of privacy."

(2) "The [District C]ourt erred when it ruled that an inference of guilt can be inferred because Judd declined to voluntarily allow a search, that is, to perform SFST's [sic]." (Footnote omitted.)

(3) "The [District C]ourt erred when it found probable cause existed to arrest Judd."

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Judd's points of error as follows, and affirm.

**A.**

Our review of the District Court's Decision and Order is a secondary appeal; we must determine whether the District Court was right or wrong in its review of the Administrative Decision. Wolcott v. Admin. Dir. of the Courts, 148 Hawaiʻi 407, 413, 477 P.3d 847, 853 (2020) (quoting Freitas v. Admin. Dir. of the Courts, 108 Hawaiʻi 31, 43, 116 P.3d 673, 685 (2005)). In turn, "[Hawaii Revised Statutes (**HRS**)] § 291E-40[2/] governs judicial review by the district court of an administrative revocation of a driver's license by the Director." Id. (bracketed material omitted; footnote number altered) (quoting

---

[2/] HRS § 291E-40 (2020) provides, in relevant part:

(c) The sole issues before the court shall be whether the director:

(1) Exceeded constitutional or statutory authority;

(2) Erroneously interpreted the law;

(3) Acted in an arbitrary or capricious manner;

(4) Committed an abuse of discretion; or

(5) Made a determination that was unsupported by the evidence in the record.

(d) The court shall not remand the matter back to the director for further proceedings consistent with its order.

Freitas, 108 Hawaiʻi at 43, 116 P.3d at 685).

As to Judd's first point of error, the District Court did not err in ruling that the SFST is not an unreasonable search, seizure, or invasion of privacy.  See State v. Wyatt, 67 Haw. 293, 303, 687 P.2d 544, 551 (1984) (stating that the field sobriety test does not infringe on "the defendant's right to be secure against unreasonable searches, seizures, and invasions of privacy").

**B.**

As to Judd's third point of error, the District Court did not err in affirming the Administrative Decision's determination of probable cause.

Determinations of probable cause are reviewed *de novo* on appeal.  State v. Navas, 81 Hawaiʻi 113, 122-23, 913 P.2d 39, 48-49 (1996).

"Probable cause exists when the facts and circumstances within one's knowledge and of which one has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed. *This requires more than a mere suspicion but less than a certainty*."  State v. Maganis, 109 Hawaiʻi 84, 86, 123 P.3d 679, 681 (2005) (quoting Carlisle ex rel. State v. Ten Thousand Four Hundred Forty-Seven Dollars in U.S. Currency ($10,447.00), 104 Hawaiʻi 323, 331, 89 P.3d 823, 831 (2004)). "Moreover, 'probable cause is generally based upon a combination of factors, which together form a sort of mosaic, of which any one piece by itself often might not be enough to constitute probable cause, but which, when viewed as a whole, does constitute probable cause.'"  State v. Ferrer, 95 Hawaiʻi 409, 430-31, 23 P.3d 744, 765-66 (App. 2001) (quoting State v. Chong, 52 Haw. 226, 231, 473 P.2d 567, 571 (1970)).

Here, the record for the Administrative Decision and its findings of fact establish the following.  On August 31, 2023, at approximately 9:41 p.m., Honolulu Police Department Officer Kelsey Messmer (**Officer Messmer**) stopped Judd's vehicle, which she observed "accelerate out of a stop at a high rate of

speed, screeching its tires as it made a sharp left turn" and "going around 40 miles per hour in a 25 mile per hour zone." After the stop, Officer Messmer approached Judd's vehicle from the driver's side and she "observed [Judd] to have glassy and watery eyes[,]" "smell[ed] a strong odor of alcoholic beverage emitting from [Judd's] breath[,]" "noted that [Judd's] speech was slurred and his responses were delayed and slow[,]" and Judd "refused to participate in the SFST."

Based on this record, the District Court did not err by noting that the Administrative Decision "expressly cited several facts supporting [its] conclusion that probable cause existed to arrest [Judd] for [OVUII] - including [Judd's] physical condition, the smell of alcohol from [Judd's] breath, and [Judd's] refusal to take the SFSTs[,]" and concluding that the Administrative Decision's "findings duly considered sworn statements and evidence in reaching those conclusions necessary to uphold administrative revocation of [Judd's] license to drive."

We need not address Judd's second point of error because even without any inference under State v. Ferm, 94 Hawaiʻi 17, 7 P.3d 193 (App. 2000),[3] Officer Messmer's observations of Judd's impairment were themselves sufficient to support the determination of probable cause to believe that Judd operated his vehicle while under the influence of an intoxicant. See Navas, 81 Hawaiʻi at 123, 913 P.2d at 49 (applying de novo standard). As such, any alleged error due to the Administrative Decision's consideration of an inference of consciousness of guilt, based on Judd's refusal to participate in the SFST, was harmless. See Nguyen v. Admin. Dir. of Cts., No. CAAP-22-0000017, 2023 WL 2254762, at *2-3 (Haw. App. Feb. 28, 2023) (SDO) (affirming license revocation and probable cause finding without the SFST, where the driver displayed erratic driving prior to the traffic stop, the arresting officer observed the driver "was slow to respond," "had a strong odor of an alcoholic type beverage on

---

[3] In Ferm, this court ruled in part that a defendant's refusal to take the SFSTs could be considered as an inference of consciousness of guilt of operating a vehicle under the influence of an intoxicant. See 94 Hawaiʻi at 28, 7 P.3d at 204.

his breath, his gaze was fixed, his eyes were red and watery, his neck and face were flush red, and his speech was garbled and slurred"); see also Ferrer, 95 Hawaiʻi at 427, 23 P.3d at 762 ("The police officer's observations of the field sobriety exercises, other than the [horizontal gaze nystagmus] test, should be placed in the same category as other commonly understood signs of impairment, such as glassy or bloodshot eyes, slurred speech, staggering, flushed face, labile emotions, odor of alcohol or driving patterns.").

For these reasons, the district court's September 26, 2024 "Decision and Order Affirming Administrative Revocation," and September 26, 2024 "Judgment on Appeal" are affirmed.

DATED:  Honolulu, Hawaiʻi, July 1, 2026.


On the briefs:

Kevin O'Grady
(Law Office of Kevin O'Grady, LLC)
for Petitioner-Appellant.

Randall S. Nishiyama and
Alyssa-Marie Y. Kau,
Deputy Attorneys General,
for Respondent-Appellee.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge